UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LORI DAWES, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 13cv002017 EJM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) ORDER |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff brings this action seeking review of the Commissioner's denial of her application for social security disability benefits. Briefing concluded August 20, 2013. Affirmed.

The court has jurisdiction pursuant to 42 USC §405(g).

Claiming an onset date of November 1, 2009, plaintiff alleges disability due to fibromyalgia, chronic migraine headaches, status post cervical fusion with chronic neck pain, depression, borderline personality disorder and mood disorder. She asserts the adverse credibility determination of the Administrative Law Judge (ALJ) is not supported by substantial evidence, and that the ALJ failed to properly weigh the opinions of her treating medical provider Matthew Kettman, M.D., and of her husband and children. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found that plaintiff had the severe impairments of fibromyalgia, mood disorder, and a borderline personality disorder, but further found plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings of Impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16, 17). The ALJ concluded that she retained the residual functional capacity (RFC) to perform substantial gainful activity, including sedentary work, with limitations, under 20 C.F.R. section 404.1567(a). Examples of such possible employment provided by the ALJ include document preparer, surveillance-systems monitor and addressor. (Tr. 21-22).

Upon review of the record, it is the court's view that the ALJ's ruling was well supported by the record as a whole. The ALJ properly found that plaintiff's statements about her symptoms were not fully credible (Tr. 17-21). There is evidence in the record that plaintiff exaggerated her symptoms, that medication and therapy have proven effective in controlling her symptoms, an absence of

objective medical evidence corroborating her complaints, multiple medical opinion finding her limitations to be no more than moderate, and the fact that plaintiff performed many tasks for herself and her family inconsistent with her claimed disability, and sought unemployment benefits during the time she was allegedly unable to work. Plaintiff at various times both denied and then admitted being able to clean dishes, clean bathrooms, cook, drive alone (Tr. 40-41), shop for groceries and manage her finances (Tr. 20, 210, 212.) Plaintiff denied using illicit substances, (Tr. 20, 418), but later in June admitted that she used marijuana regularly until age thirty-seven, and that she still used it once or twice a month. (Tr. 495, 499.) Then, a few months, later, admitted that she still smoked marijuana every night (Tr. 19-20, 657, 659, 662.)

It is the court's view that the ALJ also properly characterized the nature of Dr. Kettman's opinion, and permissibly discounted the weight given to his views in observing they were internally inconsistent with other matters of record as set forth in his decision, and inconsistent statements by him about the extent of plaintiff's ability to walk and sit contained in his own prior notes, and in which he concluded that her pain medication seemed to be effective (Tr. 512). Dr. Kettman's opinion is also inconsistent with the opinions of Doctors Wright, Hunter and Griffith, albeit non-treating, as well as with the medical opinion of Dr. Mohammad Afridi, M.D., who was a treating physician, who noted that plaintiff's mood fluctuations had improved, and that plaintiff told him she had been walking for an hour a day and planned to start riding a bike. (Tr. 700.) Dr. Kettman's

lone opinion is also inconsistent with the plaintiff's own statements on other occasions of her own abilities. The great weight of the record is at odds with Dr. Kettman's opinion, including other opinions and notes of the plaintiff and Dr. Kettman themselves. The ALJ also discounted the views of her husband and children, due to their reliance on plaintiff's own subjective description of her symptoms, which were found to be not credible, and because of potential financial interest and understandable familial duty.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court is satisfied that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

September 10, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT